

**ORDERED in the Southern District of Florida on July 30, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

PERRY LAFRANCE,                                     Case No. 26-10176-SMG

    Debtor.                                         Chapter 7
_____/

BOARD OF TRUSTEES OF THE WEST PALM
BEACH POLICE PENSION FUND,

    Plaintiff,

v.                                                  Adv. No. 26-01075-SMG

PERRY LAFRANCE,

    Defendant.
_____/

**ORDER (I) GRANTING SUMMARY
JUDGMENT TO DEFENDANT PERRY LAFRANCE
AND (II) DENYING SUMMARY JUDGMENT TO PLAINTIFF BOARD
OF TRUSTEES OF THE WEST PALM BEACH POLICE PENSION FUND**

This adversary proceeding arises from a dispute over whether an attorney-fee award entered in favor of the West Palm Beach Police Pension Fund under Florida Statutes section 185.05(5) is excepted from discharge under 11 U.S.C. § 523(a)(7). Perry Lafrance is a retired police officer and participant in the Pension Fund.[1] After the Pension Fund denied Mr. Lafrance's application for service-connected disability retirement, Mr. Lafrance sought appellate review in state court.[2] The court denied his petition per curiam without a written opinion,[3] and then entered an order awarding attorney's fees in favor of the Pension Fund.[4] Before the fee award had been liquidated, Mr. Lafrance then filed a chapter 7 bankruptcy petition.[5]

The Pension Fund commenced this adversary proceeding seeking a determination that the attorney-fee obligation is nondischargeable under 11 U.S.C. § 523(a)(7).[6] Both parties (the Pension Fund through its motion for summary judgment[7] and Mr. Lafrance through his cross-motion for summary judgment[8]) now move for summary judgment.[9] The material facts are undisputed and the issue the Court must determine is a pure question of law. Upon consideration of the record and for the reasons that follow, the Court will deny the Pension Fund's motion for summary judgment and grant Mr. Lafrance's cross-motion for summary judgment.

---

[1] Dkt. No. 23, at ¶ 10(a); Dkt. No. 24, at ¶ 1.
[2] Dkt. No. 23, at ¶¶ 10(h)–(n).
[3] Dkt. No. 24, at ¶ 9.
[4] *Id.* at ¶ 10.
[5] Dkt. No. 24, at ¶ 11; Dkt. No. 23, at ¶ 10(p).
[6] Dkt. No. 23, at ¶ 6.
[7] Dkt. No. 23.
[8] Dkt. No. 24.
[9] Dkt. No. 23; Dkt. No. 24.

## I.   FACTUAL BACKGROUND.

Mr. Lafrance is a retired police officer and participant in the West Palm Beach Police Pension Fund.[10] He was hired as a police officer on January 5, 2015, and applied for service-connected disability retirement on August 22, 2022.[11] Mr. Lafrance claimed that he became disabled as a result of contracting COVID-19 during his employment.[12] The Pension Board twice considered Mr. Lafrance's application for service-connected disability retirement – first through an informal review of the medical records and then after a formal evidentiary hearing – and on both occasions it was determined that Mr. Lafrance's permanent disability was not incurred in the line of duty.[13]

On March 7, 2025, Mr. Lafrance filed a petition for writ of certiorari challenging the Board of Trustees' Final Order denying service-connected disability retirement.[14] On October 14, 2025, a three-judge panel of the Appellate Division of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, denied the petition per curiam without written opinion.[15] The state court then entered an order awarding attorney's fees in favor of the Pension Fund under Florida Statutes section 185.05(5) and remanded to the lower tribunal to determine the amount.[16]

---

[10] Dkt. No. 23, at ¶ 10(a).
[11] *Id*. at ¶ 10(f).
[12] *Id*. at ¶ 10(h).
[13] *Id*. at ¶¶ 10(h)–(l); Dkt. No. 26, at ¶ 20.
[14] Dkt. No. 24, at ¶ 6.
[15] *Id*. at ¶ 9.
[16] *Id*. at ¶ 10; Dkt. No. 23, at ¶ 10(o).

On January 9, 2026, before the amount of attorney's fees had been determined, Mr. Lafrance filed a voluntary chapter 7 bankruptcy petition.[17] The Pension Fund estimates the amount of the attorney-fee award at approximately \$30,437.50.[18] Mr. Lafrance contests the amount of the requested attorney's fees.[19] The Pension Fund filed this adversary proceeding requesting that the Court determine whether the attorney-fee obligation is nondischargeable under 11 U.S.C. § 523(a)(7).[20]

The Pension Fund moved for summary judgment requesting that the Court enter final judgment in its favor.[21] Mr. Lafrance filed a response and a cross-motion for summary judgment, requesting that this Court determine that the attorney-fee award is dischargeable.[22] The Pension Fund then filed a reply in support of its motion for summary judgment and in opposition to Mr. Lafrance's cross-motion for summary judgment.[23]

## II.    SUMMARY JUDGMENT STANDARD.

Federal Rule of Civil Procedure 56(a)[24] requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] In considering a motion for summary judgment, the Court must construe all facts and draw all

---

[17] Dkt. No. 24, at ¶ 11; Dkt. No. 23, at ¶ 10(p).
[18] Dkt. No. 23, at ¶ 10(p).
[19] Dkt. No. 24, at ¶ 12; Dkt. No. 23, at ¶ 10(p).
[20] Dkt. No. 23, at ¶ 10(q).
[21] Dkt. No. 23.
[22] Dkt. No. 24.
[23] Dkt. No. 26.
[24] Made applicable here by Federal Rule of Bankruptcy Procedure 7056.
[25] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

reasonable inferences in the light most favorable to the non-moving party.[26] The moving party has the burden of establishing that there is an absence of any genuine issue of material fact.[27] Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact.[28] "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[29] The Court will not weigh the evidence or find facts at the summary judgment stage. Rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party.[30]

## III.   ANALYSIS.

The plaintiff and defendant each move for summary judgment on the dischargeability of the attorney-fee award. To establish nondischargeability under section 523(a)(7), the debt must (1) constitute a fine, penalty, or forfeiture; (2) be payable to a governmental unit; (3) be for the benefit of a governmental unit; and (4) not constitute compensation for actual pecuniary loss.[31] The Pension Fund argues that the attorney-fee obligation is nondischargeable because it satisfies all four of

---

[26] *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

[27] *Celotex*, 477 U.S. at 323.

[28] *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990).

[29] Fed. R. Civ. P. 56(c)(1).

[30] *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

[31] *Stein v. McDowell (In re McDowell),* 415 B.R. 612, 617 (Bankr. S.D. Fla. 2008).

5

these requirements. Mr. Lafrance argues that the attorney-fee obligation fails to satisfy the first and fourth requirements – that it is not a fine, penalty, or forfeiture, and that it does not constitute compensation for actual pecuniary loss – and is therefore dischargeable. Mr. Lafrance does not dispute that the debt is payable to and for the benefit of a governmental unit.[32] Thus, this dispute turns on whether the fee award is a fine, penalty, or forfeiture that constitutes compensation for actual pecuniary loss.

A.    The Attorney-Fee Award Is Not a "Fine, Penalty, or Forfeiture."

Florida Statutes section 185.05(5) provides that: "[i]n any judicial proceeding or administrative proceeding under chapter 120 [the Florida Administrative Procedure Act] brought under or pursuant to the provisions of this chapter, the prevailing party shall be entitled to recover the costs thereof, together with reasonable attorney's fees."[33] Under Florida law, the phrase "shall be entitled" creates a mandatory entitlement to attorney's fees once the statutory prerequisites have been met, leaving the trial court with no discretion to deny that award except as otherwise provided by statute.[34]

Under Bankruptcy Code section 523(a)(7), a debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and [that] is not compensation for actual pecuniary loss," is excepted from discharge.[35] Whether an

---

[32] Dkt. No. 26, at ¶ 14; Dkt. No. 24, at 16.
[33] Fla. Stat. § 185.05(5) (2025).
[34] *See TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 610–13 (Fla. 1995)*; Schmidt v. Fortner*, 629 So. 2d 1036, 1040–42 (Fla. 4th DCA 1993).
[35] 11 U.S.C. § 523(a)(7).

obligation constitutes a "fine, penalty, or forfeiture" under section 523(a)(7) depends on whether it functions as a penal sanction rather than compensation or a prevailing-party fee award.[36] Courts make this determination by looking at the purpose of the underlying statute or disciplinary scheme.[37]

For example, discretionary attorney-fee awards imposed in attorney disciplinary proceedings can constitute nondischargeable fines, penalties, or forfeitures under section 523(a)(7).[38] In *In re Feingold*, a Pennsylvania state court exercised its discretion under Pennsylvania Rule of Disciplinary Enforcement 208(g) to recover $44,889.92 in the costs and expenses of the disciplinary proceedings against Allen Feingold, after the Pennsylvania Supreme Court disbarred him.[39] After Mr. Feingold filed a chapter 7 bankruptcy petition, the disciplinary board argued that the cost award was nondischargeable under section 523(a)(7).[40] The Eleventh Circuit agreed.[41] It explained that the disciplinary costs functioned as a penal sanction because Pennsylvania's attorney disciplinary system exists to protect the public, preserve the integrity of the courts, and deter unethical conduct rather than compensate the government.[42] The court further emphasized that the assessment of costs was discretionary and imposed as part of the overall disciplinary sanction, making it "more like a sanction than like the civil litigation analogue of awarding

---

[36] *Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1274–75 (11th Cir. 2013).
[37] *Id.*; *see also Kelly v. Robinson*, 479 U.S. 36, 52–53 (1986) (holding criminal restitution nondischargeable because it furthered the state's interests in punishment and rehabilitation rather than victim compensation).
[38] *Feingold*, 730 F.3d at 1275.
[39] *Id.* at 1270.
[40] *Id.* at 1270–72.
[41] *Id.* at 1276.
[42] *Id.* at 1274.

costs to prevailing parties as a matter of course."[43] Similarly, in *In re Charles*, a bankruptcy court held that an attorney-fee award imposed under the court's inherent authority and Florida Statutes sections 57.105(1)(a) & (b), (3), constituted a "fine or penalty" under section 523(a)(7), because it was discretionary and intended to punish and deter litigation misconduct rather than compensate for actual pecuniary loss.[44]

Florida Statutes section 185.05(5), however, is fundamentally different from both Pennsylvania Rule 208(g) and Florida Statutes section 57.105. Unlike the discretionary sanctions in *Feingold* and *Charles*, which were imposed in response to misconduct and served punitive and deterrent purposes, section 185.05(5) mandates an award of costs and reasonable attorney's fees to the prevailing party. The statute provides that the prevailing party "shall be entitled" to recover fees and costs and does not condition an award on misconduct, bad faith, or other sanctionable conduct. Nothing in section 185.05(5) ties an award of attorney's fees to misconduct or to the need to punish or deter future conduct. Instead, entitlement to attorney's fees depends only on whether a party prevails in litigation brought under chapter 185. Here, the attorney-fee award was mandatory and entered because the Pension Fund prevailed. It therefore differs from the punitive nature of the discretionary assessments in *Feingold* and *Charles*, which those courts held constituted fines, penalties, or forfeitures. Accordingly, the Court concludes that the attorney-fee award

---

[43] *Id.* at 1274–75.
[44] *Atwater v. Charles (In re Charles)*, 2014 WL 2930973, at *11–12 (Bankr. M.D. Fla. 2014); Fla. Stat. §§ 57.105(1)(a) & (b), (3).

8

authorized by section 185.05(5) is not a "fine, penalty, or forfeiture" within the meaning of section 523(a)(7).

B.      The Attorney-Fee Award Is Compensation for Actual Pecuniary Loss.

The attorney-fee award also fails the fourth requirement because it compensates the Pension Fund for actual pecuniary loss. Section 523(a)(7) excepts from discharge only those debts that are "not compensation for actual pecuniary loss." In other words, the debt must serve a purpose other than reimbursing the governmental unit for money it actually expended. A monetary award is compensatory when it is designed to reimburse a party for actual losses sustained.[45] Thus, a compensatory attorney-fee award must be calibrated to the legal fees actually incurred and may reimburse only those fees attributable to the underlying conduct.[46]

Under section 523(a)(7), courts look to the purpose of the debt.[47] The fact that a debt is measured by actual costs does not, by itself, make it compensatory.[48] Rather, if the debt serves the government's penal or regulatory interests instead of compensating the government for an actual loss, it is not compensation for actual pecuniary loss.[49] The mandatory attorney-fee award under section 185.05(5) reimburses the Pension Fund for the reasonable attorney's fees and costs it incurred in defending Mr. Lafrance's claim, making it compensation for actual pecuniary loss and distinguishing it from the discretionary disciplinary costs at issue in *Feingold.*

---

[45] *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017) (holding that a compensatory attorney-fee award imposed as a sanction must be limited to the fees actually incurred because of the misconduct).
[46] *Id.* at 108–09.
[47] *Kelly*, 479 U.S. at 52–53; *Feingold*, 730 F.3d at 1275–76.
[48] *Kelly*, 479 U.S. at 52–53.
[49] *Feingold*, 730 F.3d at 1275–76.

In *Feingold*, the Eleventh Circuit concluded that the disciplinary costs did not constitute compensation for actual pecuniary loss, in part because they represented expenses the government incurred in performing its public duty to regulate the legal profession, a function the government "would perform . . . whether it could recoup the costs associated with it or not."[50] By contrast, the attorney-fee award under section 185.05(5) reimburses the Pension Fund only for the reasonable attorney's fees and costs it incurred in defending Mr. Lafrance's claims. Thus, the award serves to reimburse the Pension Fund for its financial loss, rather than to advance a penal or regulatory objective and therefore constitutes compensation for actual pecuniary loss.[51] Accordingly, the attorney-fee award falls outside the scope of section 523(a)(7) and is dischargeable.

## IV.   CONCLUSION.

For the reasons discussed above, the Court concludes that the attorney-fee award entered in favor of the Pension Fund under Florida Statutes section 185.05(5) is dischargeable because it is not a fine, penalty, or forfeiture and because it constitutes compensation for actual pecuniary loss. It is therefore

**ORDERED** that:

1.      Mr. Lafrance's motion for summary judgment[52] is **GRANTED.**

---

[50] *Id.* at 1276.

[51] This conclusion is consistent with the Supreme Court's reasoning in *Goodyear* that a monetary award is compensatory when it reimburses the prevailing party for actual losses sustained, including attorney's fees incurred because of the underlying conduct. *Goodyear*, 581 U.S. at 108–09. Section 185.05(5)'s attorney-fee award serves the same compensatory function by reimbursing the Pension Fund for the attorney's fees it actually incurred in defending Mr. Lafrance's claims.

[52] Dkt. No. 24.

2.    The Pension Fund's motion for summary judgment[53] is **DENIED**.

3.    The Court will enter a separate final judgment consistent with this order.

# # #

*Copies furnished to all counsel of record via CM/ECF.*

Clerk to serve:

Perry Lafrance
1314 E Las Olas Blvd #1675
Fort Lauderdale, FL 33301

Perry Lafrance
5841 Riverside Dr
Coral Springs, FL 33067

---

[53] Dkt. No. 23.